[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REOPEN JUDGMENT
Plaintiff's motion to reopen judgement is denied for the following reasons: CT Page 1044
1. Conn. Gen. Stat. Section 33-749 is not available to the plaintiff to effectuate after the fact ratification based on the court's finding that the assignments were not executed prior to the bankruptcy proceedings, when all interests regarding the Property were made part of the Dana Mark David bankruptcy Estate and ultimately sold to defendants' predecessor in interest.
2. The actions by the Trustee in the bankruptcy proceedings were effective to transfer the property to the defendants' predecessor in interest.
3. After reviewing the specific factual findings made by the court and conclusions of law set forth in the memorandum of decision dated October 28, 1998, the court believes that this decision "encompasses conclusions as to each claim of law raised and the factual basis therefore" as required by practice book section 64-1. There were no facts found by the court that prevented defendants "from asserting in court a title where, in order to do so, he must rely on a transaction tainted with illegality or equity." Orsi v. Orsi 125, Conn. 66, 70 (1938). The defendants' predecessor in interest purchased all interests in the property after a full bankruptcy proceeding at which Nicholas Attick, Jr., and an attorney for Quik-Power, participated. Based on the court's factual findings in the memorandum regarding the chain of title of the Property at issue, the court found no basis for a conclusion that the defendants had unclean hands.
Accordingly, plaintiff's motion is denied.
ROGERS, J.